IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Charles, | C/A No. 0:18-cv-02663-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On November 26, 2019, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 20. On December 4, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on December 16, 2019. ECF Nos. 21, 23. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

In February 2014, Plaintiff applied for DIB and SSI, alleging a disability onset date of May 28, 2009. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Prior to the

hearing, Plaintiff amended his alleged onset date to March 27, 2015. The ALJ held a hearing on March 2, 2017, and issued a decision denying Plaintiff's applications on September 20, 2017. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects contending that the Magistrate Judge erred in finding: (1) that the ALJ properly explained the residual functional capacity ("RFC") determination; (2) that the vocational expert ("VE") testimony does not undermine Plaintiff's ability to do substantial work in significant numbers; (3) that the ALJ appropriately evaluated medical source opinions; and (4) that the ALJ properly evaluated Plaintiff's subjective complaints. The Court addresses these objections in turn.

First, Plaintiff contends that the ALJ failed to properly explain Plaintiff's RFC as required by SSR 96-8p. Specifically, Plaintiff argues that the ALJ did not include limitations to account for his hand pain, failed to discuss his sleep apnea, and failed to include a limitation to one-step tasks. The Magistrate Judge first found that "the ALJ carefully considered and evaluated the evidence pertaining [to] [Plaintiff's] hand pain." ECF No. 20 at 7. The Court has reviewed the record, and agrees with the Magistrate Judge that the ALJ thoroughly examined the medical evidence related to Plaintiff's hand pain. Similarly, while the ALJ did not specifically mention Plaintiff's alleged obesity or sleep apnea, the Court agrees with the Magistrate Judge that "the record does not suggest, nor does [Plaintiff] point to, any additional limitations stemming from these

3

alleged impairments." *Id.* at 7–8. Finally, while Dr. Spivey found that Plaintiff was only able to perform one step of three during a three-step command test, Dr. Spivey also opined that Plaintiff should be limited to understanding simple instructions and performing simple tasks. Thus, the RFC, which included simple, routine repetitive tasks, was consistent with Dr. Spivey's opinion. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

Second, Plaintiff argues that the ALJ did not adequately explain apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Specifically, Plaintiff contends that the "job of 'assembler, small products' is not consistent with the VE's testimony that all the cited jobs involved larger products." ECF No. 21 at 5 (citation omitted). The ALJ limited Plaintiff to "work that does not require binocular vision or fine vision discrimination." Tr. 19. The VE testified that Plaintiff would be able to perform the requirements of representative occupations such as assembler, quality control examiner, and grader/sorter. Tr. 26, 57. During the hearing, Plaintiff's counsel asked the VE: "Okay, so the fact that it has no fine visual acuity and no binocular vision would not prevent the performance of these jobs?" Tr. 58. The VE responded: "Of course, you know, whenever you have a diminution of visual ability you're adding a burden to the worker but I don't think that would be such that you would not be able to perform the looking, handling[,] and manipulation of these grosser objects, gross in size." Tr. 58–59. The VE also clarified that the parts that the assembler, quality control examiner, and grader/sorter positions would interact with would be "at the light level" and would include "larger parts that are going to be in the 10[-]pound range." Tr. 58. In light of the VE's testimony, the Court agrees with the Magistrate Judge that Plaintiff "has failed to

4

demonstrate the existence of an *apparent unresolved conflict* between the [VE's] testimony and the DOT as to [Plaintiff's] visual limitations." ECF No. 20 at 11.

Third, Plaintiff contends that the ALJ erred in giving little weight to the opinion of Dr. Ken Moyd, Plaintiff's treating family doctor. Dr. Moyd filled out a one-page form where he listed Plaintiff's diagnoses. Tr. 586. Dr. Moyd also indicated that Plaintiff's impairments can be expected to last at least twelve months, and indicated that Plaintiff's pain would frequently interfere with his attention and concentration needed to perform even simple work tasks. *Id.* The form contained a number of questions about potential limitations. *Id.* Dr. Moyd wrote in the margins, "I can't answer these objectively." *Id.* The ALJ thoroughly addressed Plaintiff's medical records from his visits with Dr. Moyd in finding that Dr. Moyd's medical statement should be afforded little weight. The Court agrees with the Magistrate Judge that the ALJ's decision applied the appropriate legal standard and is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred in discounting Plaintiff's subjective complaints because they were inconsistent with, contradicted by, or otherwise undermined by the record. The Magistrate Judge outlined the two-step legal test and applicable regulations used to evaluate a claimant's subjective complaints. ECF No. 20 at 16–18. The Court has reviewed the record and agrees with the Magistrate Judge that "the ALJ's decision reflects careful consideration of the medical evidence and the limitations stemming from [Plaintiff's] subjective complaints. *Id.* at 19.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

5

IT IS SO ORDERED.

                                                                s/ Donald C. Coggins, Jr.
                                                                United States District Judge

March 31, 2020
Spartanburg, South Carolina